## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **NORA LYNCH,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: RWT 08cv3015 |
| | * | |
| **TOM VILSACK, Secretary** | * | |
| **United States Department of Agriculture,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

This is an employment discrimination case arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34 (2006).  Plaintiff Nora Lynch alleges that her employer, the United States Department of Agriculture ("USDA" or the "Agency"), subjected her to age discrimination by denying her sick leave.  See Compl. ¶ 8.  Pending before the Court is Defendant's Motion To Dismiss or, in the alternative, Motion for Summary Judgment.  Because Plaintiff cannot establish a prima facie case of age discrimination, the Court will grant, by separate order, Defendant's Motion.

## BACKGROUND

Plaintiff Nora Lynch, born on November 27, 1942, works as a Secretary, GS-6, in the Planning Analysis and Regulatory Coordination ("PARC") division of the Animal & Plant Health Inspection Service ("APHIS"), a part of the USDA.  See Compl. Statement of Facts.  In 1998, Plaintiff was diagnosed with lung cancer and, in 2002, had surgery to remove a tumor from her right lung.  Id.

Due to a compromised immune system, Plaintiff has been afflicted with various illnesses since her cancer diagnosis in 1998.  Id.  Consequently, she has routinely taken unscheduled leave during her tenure at the USDA.  Id.  Aware of Plaintiff's condition and of her attendance record, Defendant required Plaintiff to provide the Agency with proper notice and documentation supporting future leave.  Id.  When Plaintiff failed to do so, the Agency issued letters of restriction, instructing her to provide medical documentation for any future unscheduled absences.  Id.

Specifically, in April of 2005, the Associate Executive director of APHIS Plant Health Programs met with Plaintiff to discuss her unsatisfactory attendance.  See Def's Mot. Ex.2, at 77. In January of 2006, the Agency issued Plaintiff a "letter of caution" due to her unsatisfactory attendance.  Id.  The letter explained that her excessive unscheduled absences (at least two days per pay period) were disruptive to the workplace.  Id.  Plaintiff asked her supervisor, Matthew A. Rhoads, to remove this letter from her file, but Mr. Rhoads declined to do so.  Id.; see also Compl. ¶ 9.

Between March and August of 2006, Mr. Rhoads met with her several times about her unscheduled absences from work. See Compl. 3.  During this period, Plaintiff used fourteen (14) days of unscheduled leave.  See Def's Mot. 5.  On August 4, 2006, Mr. Rhoads issued a letter requiring Plaintiff to maintain her scheduled tour of duty hours of 7:00 a.m. to 3:30 p.m., to schedule annual leave at least two (2) days in advance, to notify her supervisor of any illness within one hour of the beginning of her start time, and to produce documentation for all of her illness-related absences.  See id. Ex.2, at 188.  Over the course of the next year, Mr. Rhoads and Plaintiff exchanged numerous e-mails about Plaintiff's frequent failures to comply with these conditions.  See id. Ex.2, at 90, 129–35, 165–81, 444, 513, 524.

On January 19, 2007, Mr. Rhoads advised Plaintiff via e-mail that she would need to cover the telephones the following week.  See id. Ex. 2, at 122.  Plaintiff replied that she would "try to be [t]here," and noted that Mr. Rhoads told another sick employee "to take all the time that they needed to get well."  Id.  Mr. Rhoads replied that this was "not a case of unequal treatment" because Plaintiff's use of leave was "unique among the staff" and "warranted unique treatment."  Id.

On May 5, 2007, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Complaint, alleging age discrimination and retaliation.  See Def's Mot. Ex.2, at 1. Specifically, the EEOC investigated whether her supervisor's requirement that she provide medical documentation for her unscheduled absences and statement that she abused sick leave constituted harassment based on age and reprisal.  See id.  After conducting an investigation, the USDA released a Report of Investigation on February 6, 2008, and a Final Agency Decision on August 13, 2008, finding no discrimination.  See id. Ex.1, at 1; Ex. 3.

Plaintiff timely filed her Complaint in this Court on November 12, 2008.  The Complaint comprises three Counts:  disparate treatment based on age under the ADEA (Count I), disparate treatment based on disability under the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 355 (codified as amended in scattered sections of 29 U.S.C.) ("Rehabilitation Act") (Count II), and retaliation and harassment under both the ADEA and Rehabilitation Act (Count III). Defendant moved to dismiss or, in the alternative, for summary judgment as to all three Counts. Plaintiff opposes dismissal of Count I, but withdraws Counts II and III.  See Pl's Opp'n 1 n.1.

## ANALYSIS

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);

Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is

one that "might affect the outcome of the suit under the governing law."  Spriggs v. Diamond

Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, 477 U.S.

242, 248 (1986)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the

non-moving party exists for the trier of fact to return a verdict for that party.  Anderson, 477 U.S.

at 248-49.  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is

to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

To establish a prima facie case of discrimination, Plaintiff must demonstrate that (1) she

is a member of a protected class, (2) she was performing her job duties at a level that met her

employer's legitimate expectations at the time of the adverse employment action, (3) she

suffered an adverse employment action, and (4) other similarly situated employees outside the

protected class were treated more favorably.  See Hill v. Lockheed Logistics Mgmt., 354 F.3d

277, 285 (4th Cir. 2004) (en banc).  If the plaintiff can establish a prima facie case, then the

burden shifts to the defendant to produce evidence that the plaintiff was rejected, or someone

else was preferred, for a legitimate nondiscriminatory reason.  Reeves v. Sanderson Plumbing

Prods., Inc., 530 U.S. 133, 142 (2000).  If the defendant produces sufficient evidence to satisfy

this burden, the burden shifts back to the plaintiff, who must prove by a preponderance of the

evidence that the legitimate reasons articulated by the defendant were not its true, but were a

pretext for discrimination.  Id. at 143.

The crux of Plaintiff's age discrimination claim is that Defendant denied her sick leave

because of her age.[1]  See Compl. ¶¶ 8–9.  To substantiate this allegation, Plaintiff submitted her

_____

[1] Plaintiff also declares that she was not allowed to "telecommute" or to participate in
"maxiflex."  See Lynch Decl. ¶¶ 7–8.  To the extent Plaintiff is arguing that she was denied these
privileges because of her age, those claims are barred because Plaintiff did not exhaust her

own declaration, in which she states that she would always notify Mr. Rhoads the morning of her

absences and that there was no disruption in the workplace due to her absences.  Lynch Decl.

¶¶ 6, 9.  Plaintiff also points out that Lynn Gilbert, an employee under the age of forty years, was

permitted to work nine hour days and to take off one day every two weeks.  Id. ¶ 8.

Plaintiff has not established a prima facie case of age discrimination.  While it is

undisputed that Plaintiff was a member of a protected class at the time of the alleged incidents,

see Def's Mot. 16, Plaintiff has not met her burden with respect to the other three requirements

of a prima face discrimination case.  First, Plaintiff has not shown that she performed her job

duties at a level that met her employer's legitimate expectations at the time she was denied sick

leave.  Defendant has presented ample evidence of Plaintiff's chronic unscheduled absences and

of her failure to follow the required procedures for requesting and taking leave.  See generally

Def's Mot. Ex.2.  Defendant also communicated to Plaintiff on several occasions that her

absences were disruptive to the workplace.  See id.  Plaintiff's subjective belief that she

complied with Defendant's leave-taking procedures and that she performed her duties to an

acceptable level cannot overcome Defendant's extensive showing of Plaintiff's routine

unscheduled absences and the resulting disruption to the workplace.

Second, Plaintiff has failed to identify which action by her employer constitutes an

adverse employment action.  The only employer action to which she could be referring is the

January 19, 2007 e-mail exchange between her and Mr. Rhoads.  Plaintiff cites Page v. Bolger,

---

administrative remedies.  Defendant instituted special leave procedures for Plaintiff in the letter
dated August 4, 2006, and Plaintiff did not initiate contact with the EEOC about telecommuting
or maxiflex participation within forty-five (45) days of that date.  See 29 C.F.R. § 1614.105(a)(1)
(requiring an aggrieved federal employee to initiate contact with a counselor within 45 days of
the effective date of the personnel action in question); see also Zografov v. Veterans Admin.
Med. Ctr., 779 F.2d 967, 968–69 (4th Cir. 1985) (discussing the requirement that federal
employees exhaust their administrative remedies before bringing an employment discrimination
complaint to federal court).

645 F.2d 227, 233 (4th Cir. 1981), for the proposition that the denial of leave may be an adverse employment action, but nowhere in the January 19, 2007 e-mail exchange did Mr. Rhoads deny Plaintiff leave.  See Def's Mot. Ex. 2, at 122.  At most, Mr. Rhoads informed Plaintiff that her history of misusing leave in the past made it necessary for him to carefully examine her requests for additional leave.  See id.  Such a correspondence does not constitute an adverse employment action.

Finally, Plaintiff has not shown that similarly situated employees outside the protected class were treated more favorably than her.  In her Declaration, Plaintiff identifies Lynn Gilbert as an employee who was allowed a more flexible work schedule than she was allowed.  See Lynch Decl. ¶ 8.  The issue in this case, however, is whether Defendant discriminated against Plaintiff by denying her sick leave, not a flexible work schedule.  See supra n.1.  Nothing in Plaintiff's declaration suggests that Ms. Gilbert, or any other employee, was granted sick leave in a situation where Plaintiff would have been denied sick leave.  Moreover, a similarly situated employee would need to have a record of absences that is comparable to Plaintiff, and Plaintiff does not suggest that Ms. Gilbert's attendance record fits that description.

For these reasons, Defendant's Motion To Dismiss or, in the alternative, Motion for Summary Judgment [Paper No. 13], will be granted by separate order.


Date:  December 9, 2009


                                                        /s/
                                             ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE